UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

FILED
July 18, 2007

CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| JASON ALLEN ARRICK, ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | 7:05-CV-124-R |
| ) | |
| NATHANIEL QUARTERMAN,[1] Director, ) | |
| Texas Department of Criminal Justice, ) | |
| Correction Institutions Division, ) | |
|     Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

Came on to be considered the papers and pleadings filed in this action and the Court finds and orders as follows:

This is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by an inmate confined in the Ellis Unit of the Texas Department of Criminal Justice in Huntsville, Texas. On February 5, 2002, upon a plea of not guilty, Arrick was tried by jury and convicted for the offense of murder. *Petition ¶¶ 1-6; State v. Arrick, No. 36,807-C (89th Judicial District of Wichita County, Texas), Transcript of Papers Filed in the Trial Court at 182.* The jury assessed a life sentence and a $10,000 fine. *Id. at 187.* Arrick filed a direct appeal and, on April 24, 2003, his conviction was affirmed. *Petition ¶¶ 8 & 9; Arrick v. State*, 107 S.W.3d 710 (Tex. App.—Austin 2003, pet. ref'd.). Arrick's petition for discretionary review was refused on September 10, 2003. *Arrick v. State, No. PD-0944-03.* Arrick filed a state habeas application attacking his conviction, which, on August 26,

---

[1] Effective June 1, 2006, Nathaniel Quarterman was named Director of the Texas Department of Criminal Justice, Correctional Institutions Division. The caption of this case is being changed pursuant to Fed. R. Civ. P. 25(d).

2004, was denied by written order. *Petition ¶¶ 10-11; Ex parte Arrick, No. WR-60,185-01*. On appeal, Arrick's application was denied without hearing and without written decision based on the trial court's findings. *Id.*

The Texas Court of Appeals, Third District, at Austin recited the facts of this case as follows:

> Appellant was romantically involved with Marian (sic) Rebecca Dow during the summer of 1999. In August of that year, Dow conspired with others to burglarize appellant's parents' house on Carriage Lane in an unincorporated part of Wichita County, where appellant was then living. When appellant learned of Dow's involvement in the burglary, he lured her to the house on Carriage Lane, where he beat and fatally shot her. Appellant placed Dow's body in the trunk of his Chrysler automobile and took it to a location in rural Oklahoma, where it was discovered in December 1999. Meanwhile, appellant began living with Sharon Davis at her house in Archer County. Appellant told several people that he had killed Dow and disposed of her body in Oklahoma, and this information eventually made its way to law enforcement officials.
>
> . . . .
>
> In January 2000, warrants to search the house on Carriage Lane, the house in Archer County, and appellant's Chrysler were issued and executed. Among the items seized at the Carriage Lane house were carpet samples shown by DNA tests to be stained with Dow's blood. A .22 caliber handgun and bullets were found in the Archer County house. Hair found in the trunk of appellant's Chrysler matched hair taken from Dow's body.

*Arrick*, 107 S.W.3d at 713-14.

In support of the instant petition, Arrick presents the following grounds for relief:

1. He was denied due process of law because his conviction was obtained pursuant to an unconstitutional search and seizure.

2. He was denied effective assistance of counsel during his trial because his trial counsel failed to reasonably perform an adequate pre-trial investigation of the evidence, and;

3. He was denied effective assistance of counsel during his appeal because his appellate counsel did not argue that Arrick's trial counsel failed to reasonably perform an adequate pre-trial investigation of the evidence.

*Petition ¶¶ 20.A-C & pp. 11-19.*

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or "the Act"), Pub. L. 104-132, 110 Stat. 1214, under which we now have a heightened standard of review in federal habeas corpus proceedings. Title I of the Act substantially changed the way federal courts handle such actions. The AEDPA applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326, 117 S.Ct. 2059, 2063 (1997). Petitioner filed the instant petition after the effective date of the AEDPA. Therefore, Title I of the Act applies to his petition.

The AEDPA provides in pertinent part:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

   (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.

28 U.S.C.A. § 2254(d) (West 2006).

A state's decision is "contrary to" clearly established federal law if the state court applies a rule that is "substantially different from" or "contradicts" governing Supreme Court precedent, or if the state court reaches a decision opposite that reached by the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405, 120 S.Ct. 1495, 1519-20 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus "if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413, 120 S.Ct. at 1523.

### A.  Unconstitutional Search and Seizure

Arrick first claims he was denied due process of law because, he argues, his conviction was obtained pursuant to an unconstitutional search and seizure in violation of the Fourth Amendment. The Court should not consider Arrick's claim if the state provided an opportunity for full and fair litigation of it. *Stone v. Powell*, 428 U.S. 465, 494, 96 S.Ct. 3037, 3052 (1976) (a state prisoner may not be granted habeas corpus relief on the ground that evidence obtained in an illegal search or seizure was introduced at trial if the state has provided an opportunity for full and fair litigation of the matter.).  A full and fair litigation requires consideration of disputed facts by the fact-finding court, and at least the availability of meaningful appellate review by a higher state court. *Davis v. Blackburn*, 803 F.2d 807, 808 (5th Cir. 1986).

A state court provides an opportunity for full and fair litigation of an illegal search and seizure claim if the court holds an evidentiary hearing on a defendant's motion to suppress evidence. *Id.* Alternatively, the state provides an opportunity for full and fair litigation of a claim if the state appellate court addresses a claim. *Janecka v. Cockrell*, 301 F.3d 316, 321 (5th Cir. 2002).  Here, the state court held a full evidentiary hearing on  Arrick's motion to suppress physical evidence allegedly obtained pursuant to an illegal search and seizure.  Therefore, Arrick fully litigated his Fourth Amendment claim at trial.  That Arrick disagrees with the court's decision to deny his motion is insufficient to overcome the *Stone* bar.  *See Janecka*, 301 F.3d at 320-21 (citing *Swicegood v. Alabama*, 577 F.2d 1322, 1324 (5th Cir.1978)) (holding that *Stone* bar applies despite an error by the state court in deciding the merits of a Fourth Amendment claim).  The appellate court also analyzed Arrick's Fourth Amendment claim.  *Arrick v. State*, 107 S.W.3d at 713-715.  Therefore,

Arrick fully litigated his Fourth Amendment claim on appeal. Because Arrick fully and fairly litigated his Fourth Amendment claim in state court, *Stone* bars him from asserting it here.

## B.  Ineffective Assistance of Counsel at Trial

Arrick next claims that he was denied effective assistance of counsel at trial. Specifically, Arrick argues his trial counsel failed to perform reasonably adequate pretrial investigation of the evidence. Arrick claims he provided to his trial counsel newspaper articles which discussed other women's bodies found in rural Oklahoma. *Petition p.18.* Arrick believes his trial counsel should have used that information to create a reasonable doubt about Arrick's guilt. *Id.*

Under § 2254(d)(1), the applicable "clearly established Federal law as determined by the Supreme Court of the United States" against which the Court measures Arrick's claim is *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984). Under *Strickland*, when a convicted defendant seeks habeas corpus relief on the ground of ineffective assistance of counsel, he must show that (1) counsel's representation was deficient (i.e. that it fell below an objective standard of reasonableness), and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the trial would have been different. *Strickland*, 466 U.S. at 687-91 & 694, 104 S.Ct. at 2064-66 & 2068.

"It is well settled that effective assistance is not equivalent to errorless counsel or counsel judged ineffective by hindsight. [citations omitted]. Rather, inquiry must be made into the totality of the circumstances surrounding counsel's performance to determine whether reasonably effective representation was provided." *Tijerina v. Estelle*, 692 F.2d 3, 7 (5th Cir. 1982). A court reviewing an ineffectiveness claim must indulge a strong presumption that counsel's conduct fell within the

wide range of reasonable professional competence or that, under the circumstances, the challenged action might be considered sound trial strategy. *Gray v. Lynn*, 6 F.3d 265, 268 (5th Cir. 1993).

An attorney has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. *Strickland*, 466 U.S. at 691; *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989). A federal habeas court should give a "heavy measure of deference" to the reasonableness of an attorney's decision whether to use information discovered in that investigation. *Id.*

Under § 2254(d)(1), the Court must analyze whether the *state court's* ultimate decision that Arrick did not make the required *Strickland* showing was contrary to, or an unreasonable application of, the *Strickland* standard. *See Schaetzle v. Cockrell*, 343 F.3d 440, 444 (5th Cir. 2004) (the test is *not* whether petitioner makes the *Strickland* showing). However, "a federal habeas court is authorized by Section 2254(d) to review only a state court's 'decision,' and not the written opinion explaining that decision." *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002). A federal habeas court should assume the state court applied the correct "clearly established Federal law" in making its decision. *Schaetzle*, 343 F.3d at 443.

The Court must determine whether the state court's ultimate decision that Arrick's trial counsel was not ineffective was contrary to, or an unreasonable application of, the *Strickland* standard. The state court's decision was not contrary to "clearly established Federal law" because there is no indication that the state court applied a rule that is "substantially different from" governing Supreme Court precedent, nor does Arrick's case contain a set of facts that are "materially indistinguishable" from a Supreme Court case. *See Williams v. Taylor*, 529 U.S. at 405, 120 S.Ct.

at 1519-20 (2000). As such, the Court turns to whether the state court's decision amounted to an unreasonable application of the *Strickland* standard.

The state court's decision survives *Strickland's* first prong unless Arrick's trial counsel's performance was deficient. Arrick's trial counsel clearly investigated the other woman's bodies that were found dead in rural Oklahoma. At trial, Arrick's counsel elicited testimony from an Oklahoma law enforcement officer about the other bodies. *Reporter's Record 8: 38-41 (hereinafter "R.R.")*. He asked the officer on cross examination, "[h]ave you had any occasion to investigate any other bodies being found [in the same county as Dow's] . . . ?" *Id. at 38.* After the State objected as to relevance, Arrick's counsel explained to the court, "I believe there's other female bodies that have been located in this county who have unsolved crimes . . . what I want to get into . . . is other possible suspects in this case." *Id.* Although Arrick's trial counsel was not able to elicit a definitive answer from the officer, counsel's cross examination shows he made an investigation into the other female bodies found in Oklahoma, but simply chose not to pursue that strategy. The Court gives a heavy measure of deference to Arrick's trial counsel's decision to forego that strategy. *See Green*, 882 F.2d at 1003.

Instead of pursuing the theory that the other bodies found in Oklahoma were linked to Dow's, a theory that the Oklahoma law enforcement officer expressly refuted,[2] Arrick's trial counsel tried to prove that the Mexican Mafia murdered Dow. *R.R. 12: 26-27 & 39-40.* Arrick's trial counsel theorized that Dow owed a drug debt to the Mexican Mafia and that Dow set up the burglary of Arrick's parents' house to pay off the debt. *Id. at 26-27.* The Court affords a strong presumption of reasonableness to Arrick's trial counsel's decision to argue the Mexican Mafia was responsible

---

[2] *See R.R. 8: 41.* On redirect examination, the officer stated, "[w]e weren't able to find any connection with Marion Dow [and the other bodies found in Oklahoma]."

for Dow's death rather than an unidentified murderer in Oklahoma.[3] *Gray*, 6 F.3d at 268. It was reasonable trial strategy for Arrick's trial counsel to argue that the Mexican Mafia, not a theoretical unidentified murderer, killed Dow.

Because Arrick's trial counsel's performance did not fall below an objective standard of reasonableness, the Court need not address *Strickland's* second prong. The state court correctly determined that Arrick's trial counsel's performance was not deficient under *Strickland*. Therefore, the court's decision was not an unreasonable application of the *Strickland* standard under § 2254(d)(1).

### C. Ineffective Assistance of Counsel During Appeal

Arrick last claims he was denied effective assistance of counsel during his appeal because his appellate counsel did not argue Arrick's trial counsel was ineffective. The *Strickland* standard also governs ineffective assistance of appellate counsel claims. *See Smith v. Robbins*, 528 U.S. 259, 285, 120 S.Ct. 746, 764 (2000). The Court must again examine the state court's ultimate decision to determine whether it is contrary to, or an unreasonable application of, the *Strickland* standard under § 2254(d)(1). *Schaetzle*, 343 F.3d at 444. The state court's decision was not contrary to *Strickland* for the same reasons discussed under Part B above. As such, the Court must determine whether the state court's decision amounted to an unreasonable application of the *Strickland* standard. As discussed above, the state court's decision that Arrick's trial counsel's performance was not deficient was reasonable. Therefore, Arrick's appellate counsel was not deficient for failing to argue that Arrick's trial counsel was ineffective. Because Arrick's appellate counsel's

---

[3] The Oklahoma law enforcement officer's testimony and some of the newspaper articles Arrick submitted in his habeas petition demonstrate uncertainty whether homicide was even the cause of some of the other women's deaths. *See R.R. 8: 41* (officer's testimony that drug overdose was the cause of death of one woman.).

performance was not deficient, the Court need not address *Strickland's* second prong. As such, the state court's decision that Arrick's appellate counsel's performance was not deficient was not an unreasonable application of the *Strickland* standard under § 2254(d)(1).

For the foregoing reasons, IT IS ORDERED that the petition for writ of habeas corpus is DENIED.

The Clerk of Court shall transmit a copy of this Order to Petitioner and to Counsel for Respondent.

SO ORDERED this 18th day of July, 2007.

_____
JERRY BUCHMEYER
UNITED STATES DISTRICT JUDGE